IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Civil Action No.:  9:20-cv-3539-MBS

| | |
|---|---|
| Roy Gidron,<br><br>　　　　PLAINTIFF,<br><br>　　v.<br><br>United States of America,<br><br>　　　　DEFENDANT. | **COMPLAINT** |

Comes now the Plaintiff, Roy Gidron, by and through the undersigned counsel, hereby brings the following claims against the Defendant United States of America through the United States Postal Service ("USPS"), would allege and show as follows:

## THE PARTIES

1. The Plaintiff is a U.S. Citizen and resides in the County of Hampton in the State of South Carolina.

2. United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq. as it provides mail services through the USPS and its employees at the Post Office located in Estill, South Carolina, (the "Estill Post Office").

3. United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his/her office or employment, under circumstances where the United States, if a private person, would be liable to the

1

claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA"). Specifically, the Plaintiff's allegations of negligence herein are against the employees of the Estill Post Office that are federal employees, by and through the USPS a "federal agency" as defined in the FTCA.

## JURISDICTION AND VENUE

4. This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of mail services provided to the Plaintiff who was a public invitee at the Estill Post Office. This Court has jurisdiction over the matter pursuant to the FTCA.

5. The employees of the USPS are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of his/her/their employment.

6. At the times of the accident described herein, Plaintiff was a resident of Hampton County, South Carolina.

7. Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the USPS on February 12, 2019. The claim was for a sum certain of $100,000.00. **Exhibit 1.**

8. On April 7, 2020, USPS denied Plaintiff's claim. **Exhibit 2.**

9. This matter is being commenced within six (6) months after the date of mailing by certified or registered mail of notice of final denial of the claim by USPS, pursuant to 39 CFR § 912.3.

10. Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action as described in 28 U.S.C. §2675.

11. Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402 because the acts and/or omissions complained of herein occurred in whole or in part in Hampton County, South Carolina, which is within the Beaufort Division of the United States District Court for the District of South Carolina.

12. Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.*, the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred. 28 U.S.C. §1346; Richards v. U.S., 369 U.S. 1. 11-13 (1962).

13. In South Carolina, business premises liability is founded upon the duty of care a possessor of land owes to an invitee. Generally, a person owes an invitee the duty of exercising reasonable or ordinary care for his safety and is liable for any injury resulting from the breach of this duty. Graham v. Whitaker, 282 S.C. 393, 321 S.E. 2d 40 (1984). Although a merchant is not an insurer of the safety of his customers, he owes a duty to keep aisles and passageways in a reasonably safe condition. Moore v. Levitre, 294 S.C. 453, 365 S.E.2d 730 (1988), Felder v. K-Mart, 297 S.C. 446, 377 S.E. 2d 332 (1989). Further, one who operates a shopping center where stores are leased to merchants and the owner retains possession and control of the parking area and sidewalks, is not an insurer of the safety of those who use the

parking lot and sidewalks as customers of the merchants leasing the stores, but the owner of the premises owes the customers the duty of exercising ordinary care to keep the passageways, sidewalks and such other parts of the premises as are ordinarily used by the customers in transacting business in a reasonably safe condition. <u>Hunter v. Dixie Home Stores</u>, 232 S.C. 139, 101 S.E. (2d) 262; <u>Gilliland v. Pierce Motor Co.</u>, 235 S.C. 268, 111 S.E. (2d) 521.

## **GENERAL AND FACTUAL ALLEGATIONS**

14. Plaintiff repeat(s) and reassert(s) the matters set forth above as fully as if repeated herein verbatim.

15. Plaintiff has complied with all conditions precedent under the FTCA including, without limitation, compliance with all pre-suit notice of claim requirements.

16. All actions or omissions by agents, employees and/or staff of the Estill Post Office were acting within the scope of their employment.

17. That on or about February 12, 2017, at approximately 7:30 A.M., the Plaintiff went to check his mail at the Estill Post Office, located at or near 328 E Railroad Ave N, in Estill, South Carolina 29918. While on USPS property, Plaintiff slipped and fell on the sidewalk, walkway, and/or steps, suffering injuries.

18. Plaintiff was 67 years old on February 12, 2017.

19. Among other injuries, Plaintiff suffered a broken wrist and two (2) torn rotator cuffs. Plaintiff's injuries required medical care, including but not limited to three (3) surgeries. The injuries and/or damages Plaintiff sustained are permanent in nature and will continue into the future thereby resulting in pain and suffering,

4

disability, physical impairment, disfigurement, mental anguish, loss of capacity of the enjoyment of life, loss of enjoyment of life, and loss of earning capacity. In addition, Plaintiff has incurred and will continue to incur expenses for hospitalization, treatment and medical care as well as other damages for which recovery is permitted.

## **NEGLIGENCE**

20. Plaintiff repeat(s) and reassert(s) the matters set forth above as fully as if repeated herein verbatim.

21. USPS owed Plaintiff a duty of exercising reasonable or ordinary care for his safety and is liable for any injury resulting from the breach of this duty, including keeping the sidewalk, walkway, and/or steps in a reasonably safe condition.

22. USPS breached its duty to Plaintiff of exercising reasonable or ordinary care for his safety and is liable for any injury resulting from the breach of this duty, including keeping the sidewalk, walkway, and/or steps in a reasonably safe condition.

23. That the Plaintiff's injuries and damages were the direct and proximate result of the defendant's negligence, willfulness, wantonness, carelessness, recklessness, and gross negligence in the following particulars:

    a. In failing to paint the step or otherwise warn its business invitees of the existence of the step;
    b. In failing to maintain its sidewalk, walkway, and/or steps in a safe condition for the plaintiff and other business invitees;

c. In failing to inspect and monitor its premises, including its sidewalk, walkway, and/or steps to ensure their safe condition and the safety of plaintiff and other business invitees;

d. In failing to remove the hazards it, or its agent(s)/employee(s), would have discovered upon reasonable inspection;

e. In failing to adequately train and supervise its personnel in the maintenance of a safe sidewalk, walkway, and/or steps, so as to prevent injury by fall of plaintiff and other business invitees;

f. Creating a dangerous situation and/or condition and failing to remedy the same;

g. Failing to discover the dangerous situation it had created;

h. Failing to warn of the hazard on its sidewalk, walkway, and/or steps;

i. Failing to follow internal procedure, policy, rules, guidelines, agreements, stipulations, Interagency Agreement(s), or custom relating to care of USPS premises;

j. Failing to take into account atmospheric and other conditions;

k. Failing to comply with applicable statutes and regulations of the United States and the State of South Carolina;

l. Failing to exercise due care under the circumstances; and,

m. In such other and further particulars as the evidence in trial may show;

24. all of which combined and concurred as a direct and proximate cause of the injuries and damages suffered by Plaintiff herein, said acts being in violation of the statutes and common laws of the United States of America and/or the State of South Carolina.

25. As a direct and proximate result of the aforesaid acts and omissions, the Plaintiff has endured severe and grievous pain, suffering, humiliation embarrassment, permanent debilitating injuries, and damages; Plaintiff has undergone medical treatment and incurred expenses, and is expected to incur future medical expense, pain and suffering.

26. The United States of America is vicariously liable for the negligence of the Estill Post Office and its employees, by and through the USPS, a federal agency.

27. Plaintiff is entitled to compensation from Defendant in an amount up to One Hundred Thousand and no/100ths ($100,000.00) Dollars.

WHEREFORE, Plaintiff prays this Court to enter judgment for him and award him damages in the amount of $100,000.00, as well as such other and further relief as this Court finds just.

### CERTIFICATE OF COUNSEL

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

Dated this 7th day of October, 2020, in Bamberg, South Carolina.

Respectfully Submitted,

By:  /s/ Adam C. Ness

                              Adam C. Ness (Fed. Id. No. 11673)
                              NESS & JETT, LLC
                              Post Office Box 909
                              P: 803-245-5178
                              F: 803-245-5384
                              E: adamcness@gmail.com